ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| RICARDO HATTON RENTAS<br>Peticionario<br><br>v.<br><br>CARLOS R. NEGRÓN AVILÉS, Y OTROS<br>Recurrido | KLCE202401253 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.<br>K AC2014-0655<br><br>Sobre:<br>Sentencia declaratoria |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y el Juez Salgado Schwarz

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

Comparece Ricardo Hatton Rentas (peticionario o señor Hatton Rentas) y nos solicita la revocación de una *Orden* notificada el 17 de octubre de 2024, por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario). En esta, el TPI denegó una *Moción para que se dicte Sentencia por Estipulación Transaccional* instada por el peticionario.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.*

## I.

La presente causa tiene su origen en la demanda interpuesta el 7 de julio de 2014 por el señor Hatton Rentas, contra Carlos R. Negrón Avilés (señor Negrón Avilés), High Tower Investment Corp. y Horizon Tower, LLC, sobre cobro de dinero, sentencia declaratoria y acción derivativa. Lo antes, relacionado a los acuerdos y desembolsos de fondos para la construcción de dos torres de

telecomunicaciones en los municipios de Ponce y Aguas Buenas, respectivamente.[1]

Culminados múltiples procesos que han perdurado casi una década, los cuales resultan innecesarios pormenorizar, el TPI celebró el juicio en su fondo el 9 y 10 de julio de 2024.[2] Sometido el caso ante el foro sentenciador para análisis y la eventual adjudicación final, el peticionario presentó una *Moción para que dicte Sentencia por Estipulación Transaccional,* el 16 de agosto de 2024, para finiquitar todas las controversias pendientes. Junto a su moción, incluyó copia de un *Acuerdo Transaccional y Relevo* (*Acuerdo*). Lo antes, fue suscrito únicamente por el peticionario, en su carácter personal y por Horizon Tower, LLC (representado por el mismo señor Hatton Rentas, en calidad de presidente). Con anterioridad, el TPI le había anotado la rebeldía a dicha entidad jurídica por su incomparecencia en el pleito.

En reacción, el señor Negrón Avilés y High Tower Investment Corp. (en conjunto codemandados o recurridos) se opusieron mediante moción interpuesta el 20 de septiembre de 2024.[3] A pesar de reconocer que, en el párrafo 4 del *Acuerdo* se libera de responsabilidad a los accionistas, socios, oficiales o cualquier persona relacionada con Horizon Tower, los recurridos expusieron que, el acuerdo suscrito por Horizon Tower LLC y el señor Hatton Rentas, resulta ser inoficioso porque fue realizado sin la participación y notificación previa a todos los codemandados. Añadieron que, con el propósito de no acreditar cumplimiento con la Regla 39.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1, que establece el proceso requerido para lograr un desistimiento, el señor Hatton Rentas realizó un negocio jurídico con

---

[1] Los casos civiles números KCD2015-2126 y KAC2014-0655 fueron consolidados.
[2] Cabe señalar que, según el expediente, el TPI ha notificado tres sentencias parciales, el 8 de agosto de 2017, el 22 de octubre de 2019 y 29 de octubre de 2020 respectivamente.
[3] Apéndice págs. 9-12.

una parte en rebeldía que él mismo representa sin consulta previa con los codemandados. Por ello, los recurridos procuraron la imposición de un pago de no menos de $50,000.00 contra el petícionario por su temeridad.

Sobre lo antes, el peticionario, mediante réplica consignó el derecho aplicable a los contratos de transacción y el desistimiento. Indicó que, para sostener la validez de la transacción, no se requiere el consentimiento de los codemandados. Ello, por entender que, los recurridos solo figuran como garantizadores de la deuda reclamada en este caso y el consentimiento requerido para un desistimiento en esta etapa de los procesos, según la Regla 39.1, *supra*, no incide sobre la eficacia de la transacción. Informó que, en la alternativa, el TPI podría emitir una sentencia para incluir a los codemandados como garantizadores del remanente de la deuda, como surge del acuerdo intitulado "Enmienda Financiamiento Torre de Ponce". Por último y tras resumir el tracto procesal del caso, arguyó que procedía la imposición de temeridad contra los codemandados.[4]

Evaluadas las posturas de las partes, el TPI declaró No Ha Lugar, el petitorio instado por el peticionario. A su vez, el foro primario guardó silencio sobre la imposición de pago por costas y honorarios de abogado por temeridad, según solicitada por ambas partes en sus respectivas mociones.

Inconforme aun, el señor Hatton Rentas acude ante esta Curia y en su único señalamiento de error indica lo siguiente:

> Erró el TPI al declarar no ha lugar una solicitud de sentencia por estipulación presentada por la parte demandante y la codemandada Horizon Tower recogiendo los acuerdos alcanzados relacionadas al pago de la deuda reclamada por el demandante contra la codemandada Horizon Tower consignados en un contrato de transacción judicial.

Examinado el expediente y con el beneficio de la comparecencia de ambas partes, procedemos a resolver.[5]

---

[4] Apéndice págs. 13-21.
[5] La parte recurrida compareció el 6 de diciembre de 2024, mediante *Alegato De La Parte Recurrida Carlos R. Negrón Avilés y High Tower Investment Corp.*

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias

específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

**III.**

El peticionario plantea que, el foro primario incidió al denegar su solicitud de sentencia por acuerdo transaccional. Arguye que, la estipulación transaccional presentada no requiere el consentimiento de los demás codemandados, Carlos R. Negrón Avilés y High Tower Investment Corp. porque solo ejercían la función de garantizadores de la deuda en disputa. Ello, en la medida que, según lo declarado por el peticionario y Horizon Tower LLC en el *Acuerdo*, los recurridos quedan liberados de responsabilidad en la causa de acción instada. Al referirse a los requerimientos establecidos en la Regla 39.1 de las Reglas de Procedimiento Civil, *supra*, el peticionario sostuvo que, si los recurridos "no desean consentir" procede emitir un dictamen en el cual se incluyan a dichas partes como garantizadores del remanente de la deuda contraída, según surge del acuerdo titulado "Enmienda Financiamiento Torre de Ponce."[6]

Por su parte, los recurridos argumentan que, luego de diez años de litigio en su contra y celebrado el juicio en su fondo, el peticionario pretende finalizar el pleito, mediante un acuerdo transaccional, suscrito con una parte en rebeldía que él mismo representa, sin previa participación y notificación a los codemandados. Ello, con el propósito de dar por terminadas todas las controversias dilucidadas en el juicio. A su entender, en esta etapa de los procesos, el caso se encuentra sometido ante la consideración del foro sentenciador, por lo que, un acuerdo transaccional final que atienda todas las controversias pendientes requiere de la anuencia de todas las partes que han comparecido al pleito. Añadieron que, conforme establece la Regla 39.1 (b) de las Reglas de Procedimiento Civil, *supra,* y según resuelto por el Tribunal Supremo en *Pagán Rodríguez v. Pres. Cams. Legs.*, 206 DPR 277, 287 (2021), el TPI goza de discreción para terminar el

---

[6] Véase pág. 14 de la *Petición de Certiorari.*

litigio e imponer condiciones que estime pertinente, como lo es dictaminar que, el posible desistimiento sea con perjuicio y ordenar el pago de las costas y los honorarios de abogado.

Al entender sobre la presente causa observamos que, dentro de su sana discreción, el foro primario denegó la solicitud para que dicte sentencia por estipulación transaccional en esta etapa de los procedimientos. El referido petitorio fue presentado después de la celebración del juicio en su fondo y antes de la notificación de la adjudicación final, con la intención de poner fin a todas las controversias pendientes entre las partes y así relevar de responsabilidad a los recurridos, sin más. El *Acuerdo* solo fue suscrito por una parte codemandada que, ante su incomparecencia, se encuentra en rebeldía y no incluye a los recurridos, quienes son los únicos codemandados que participaron activamente e incurrieron en los gastos del extenso litigio. Notamos además que, en la alternativa, el peticionario solicita que, esta Curia dicte una sentencia en la que se incluya a los recurridos, conforme surge de otro acuerdo (intitulado "Enmienda Financiamiento Torre de Ponce") el cual no se incluye en el apéndice ante nuestra consideración. Tampoco surge del expediente que se haya presentado propiamente un acuerdo enmendado a esos fines y/o una moción de desistimiento ante el foro primario.

Luego de analizar el recurso instado y conforme a la normativa antes expuesta, colegimos que, nos encontramos impedidos de ejercer nuestra facultad revisora sobre los asuntos esbozados por el peticionario. Observamos que, dentro de su sana discreción, el TPI justipreció los planteamientos de las partes sobre la causa, a la luz de los requerimientos de nuestro ordenamiento civil, atinentes a los contratos de transacción, en esta etapa de los procedimientos y los criterios o condiciones a considerar, en aras de poner fin a las controversias pendientes entre las partes que se encuentran bajo la

jurisdicción del tribunal. De nuestro análisis del recurso según presentado, concluimos que, el peticionario no nos ha puesto en posición para considerar que la situación procesal planteada es de interés público o la misma constituye un fracaso irremediable de la justicia. Por consiguiente, no procede la expedición del auto de *certiorari.*

Resaltamos que, lo antes no prejuzga los asuntos y/o señalamientos que las partes interesen presentar dentro de un debido proceso de ley, como tampoco impide los esfuerzos transaccionales con todas las partes y el ejercicio eficaz de la sana discreción del foro primario en esta etapa avanzada de los procedimientos.

**IV.**

Por los fundamentos antes expuestos denegamos la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones